Megan O'Neill (SBN 220147)
  moneill@dtolaw.com
DTO LAW
2400 Broadway, Suite 200
Redwood City, CA 94063
Telephone: (415) 630-4100
Facsimile: (415) 630-4105

Justin T. Goodwin (SBN 278721)
  jgoodwin@dtolaw.com
David Ramirez-Galvez (SBN 313544)
  dramirezgalvez@dtolaw.com
Nicole G. Malick (SBN 335754)
  nmalick@dtolaw.com
DTO LAW
601 South Figueroa Street, Suite 2130
Los Angeles, CA 90017
Telephone: (213) 335-6999
Facsimile: (213) 335-7802

Attorneys for Defendant
HP INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| HENRY SO, and DANIEL DYKE, individually and on behalf of all others similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>HP, INC. d/b/a COMPUTING AND PRINTING INC., a Delaware Corporation<br><br>Defendant. | Case No.:  5:22-cv-02327-PCP<br>Honorable P. Casey Pitts<br><br>**DEFENDANT HP INC.'S ANSWER TO SECOND AMENDED CLASS ACTION COMPLAINT**<br><br><br><br>Complaint Filed: April 14, 2022<br>SAC Filed: August 16, 2023 |

Defendant HP Inc., by and through counsel of record, hereby responds to Plaintiffs Henry So and Daniel Dyke's Second Amended Complaint ("SAC") as follows:

## NATURE OF THE ACTION[1]

1.      HP denies the allegations in paragraph 1.

2.      HP denies the allegations in paragraph 2.

3.      HP admits it advertises that original HP cartridges provide superior print quality and are more reliable than non-HP cartridges. HP denies the remaining allegations in paragraph 3.

4.      HP denies the allegations in paragraph 4.

5.      HP denies the allegations in paragraph 5.

6.      HP denies the allegations in paragraph 6.

7.      HP denies the allegations in paragraph 7.

8.      HP denies the allegations in paragraph 8.

9.      HP denies the allegations in paragraph 9.

10.      HP denies the allegations in paragraph 10.

11.      HP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 regarding what Plaintiffs or putative class members would have done or would do in a speculative but-for world and therefore denies those allegations. HP denies the remaining allegations in paragraph 11.

12.      HP denies the allegations in paragraph 12.

13.      HP admits that Plaintiffs purport to seek actual, statutory, and exemplary damages, restitution, and an injunction in this action. HP denies that Plaintiffs and the putative class members are entitled to any relief. Except as expressly admitted, HP denies the allegations in paragraph 13.

//

---

[1]    HP adopts the headings used by Plaintiffs in the SAC for ease of reference only. To the extent the headings include any argument or factual allegations, HP denies them.

**JURISDICTION AND VENUE**

14.     HP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14, and therefore denies them.

15.     HP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15, and therefore denies them.

16.     HP admits that it maintains executive offices located at 1501 Page Mill Road, Palo Alto, California, and that venue is proper in this district. HP denies the remaining allegations in paragraph 16.

17.     HP admits that it maintains executive offices located at 1501 Page Mill Road, Palo Alto, California, and that this Court has personal jurisdiction over HP. HP denies the remaining allegations in paragraph 17.

**PARTIES**

18.     HP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18, and therefore denies them.

19.     HP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19, and therefore denies them.

20.     HP admits that its state of incorporation is Delaware and that it has offices located at 1501 Page Mill Road, Palo Alto, California. HP admits it conducts business in California. Except as expressly admitted, HP denies the allegations in paragraph 20.

**COMMON FACTUAL ALLEGATIONS**

21.     HP admits it is one of the largest sellers of home, office, and enterprise printers in the United States. To the extent the allegations in this paragraph purport to summarize or state language contained in the document cited in footnote 5, the document speaks for itself.

22.     HP admits it sells HP Original ink and toner cartridges for use in its printers.

23.     HP denies the allegations in paragraph 23 as stated and admits only that it reported $63,487,000,000 in net revenue in the fiscal year that ended October 31, 2021, as stated in its 2021 Form 10-K. HP further admits it reported $20,128,000,000 in net revenue for "Printing" in the fiscal year that ended October 31, 2021, as stated in its 2021 Form 10-K. HP further admits it reported $12,632,000,000 in net revenue for "Supplies" in the fiscal year that ended October 31, 2021, as stated in its 2021 Form 10-K. Except as expressly admitted, HP denies the allegations in paragraph 23.

24.     HP admits it provides consumer and commercial printer hardware, supplies, and services, and solutions. Except as expressly admitted, HP denies the allegations in paragraph 24.

25.     HP admits it sells printers, including InkJet printers, which includes All-in-One printers. HP further admits it sells HP Original ink or toner cartridges for HP printers and that only certain models of cartridges are compatible with certain printer models. Except as expressly admitted, HP denies the allegations in paragraph 25.

26.     HP admits printer cartridge compatibility depends on various factors. Except as expressly admitted, HP denies the allegations in paragraph 26.

27.     HP admits that ink and toner cartridges may need to be replenished periodically and that consumers take into account the cost of ink and toner over the life of the printer when purchasing a printer.  HP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 27 and therefore denies them.

28.     HP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 regarding the experience of "the consumer" and therefore denies them.

29.    HP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 regarding every customer's individual experience and therefore denies them.

A.    **HP's Standard Business Model**

30.    HP denies the allegations in paragraph 30.

31.    HP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31 and therefore denies them.

32.    To the extent the allegations in this paragraph purport to summarize or state language contained in the document cited in footnote 12, the document speaks for itself. HP further denies Plaintiffs' characterization of its annual report, cited in footnote 13, which also speaks for itself. HP denies the remaining allegations in paragraph 32.

33.    To the extent the allegations in this paragraph purport to summarize or state language contained in the article cited in footnote 14, which was not written by HP, the document speaks for itself. HP denies the remaining allegations in paragraph 33.

34.    HP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34 and therefore denies them.

35.    To the extent the allegations in this paragraph purport to summarize language from a complaint in a different case, cited in footnote 17, the document speaks for itself. HP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 35 and therefore denies them.

36.    HP admits third parties sell cartridges marketed for use in HP printers, and some consumers buy those cartridges. HP lacks knowledge or information sufficient to form a belief as to the truth of the characterization of the document cited in footnote 18; to the extent it refers to an "Exhibit 1" attached to the complaint cited in footnote 17, HP denies there is any such exhibit. HP lacks

knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 36 and therefore denies them.

37.     To the extent the allegations in this paragraph purport to summarize or state language contained in the annual report cited in footnote 19, the document speaks for itself. HP admits that the HP 2019 Form 10-K cited in footnote 19 includes the words, "In addition, independent suppliers offer non-original supplies (including imitation, refill and remanufactured alternatives), which are often available for lower prices but which can also offer lower print quality and reliability compared to HP original inkjet and toner supplies." HP denies the remaining allegations of paragraph 37.

38.     To the extent the allegations in this paragraph purport to summarize or state language contained in the annual report cited in footnote 20, the document speaks for itself. HP admits that the HP 2019 Form 10-K cited in footnote 20 includes the words, "Net revenue for Supplies decreased 4.8% as compared to the prior-year period, primarily due to demand weakness." HP denies the remaining allegations of paragraph 38.

39.     To the extent the allegations in this paragraph purport to summarize language contained in the annual report cited in footnotes 21 and 22, the document speaks for itself. HP admits that the HP 2019 Form 19-K cited in footnotes 21 and 22 includes the words, "Financial performance could also decline due to increased competition from other types of products. For example, non-original supplies (including imitation, refill or manufactured alternatives) for some of our LaserJet toner and InkJet cartridges compete with our Printing Supplies business." HP further admits that the HP 2019 Form 19-K cited in footnotes 21 and 22 includes the words, "For example, our supplies business has recently experienced declining revenues due to declines in market share, installed base and usage, and increased customer pricing sensitivity." HP denies the remaining allegations in paragraph 39.

### B.    HP's New Strategy to Monopolize the HP InkJet Cartridge Aftermarket

40.    To the extent the allegations in this paragraph purport to summarize language contained in the document cited in footnote 23, the document speaks for itself. HP denies the remaining allegations in paragraph 40.

41.    To the extent the allegations in this paragraph purport to summarize language contained in the document cited in footnote 24, the document speaks for itself. HP denies the remaining allegations in paragraph 41.

42.    To the extent the allegations in this paragraph purport to summarize language contained in the document cited in footnote 25, the document speaks for itself. HP denies the remaining allegations in paragraph 42.

43.    Because the quoted language does not appear at the link cited in footnote 26, HP denies the allegations in paragraph 43.

44.    HP denies the allegations in paragraph 44.

45.    To the extent the allegations in this paragraph purport to summarize or state language contained in the documents cited in footnotes 27 through 31, the documents speak for themselves. HP admits the HP Inc. Investor Tech Talk Transcript cited at footnote 28 includes the words "Our research says that 8 out of 10 customers believe that the end-to-end system, the HP+ system is better value than the standard model." HP further admits that the image in this paragraph appears in the document cited in footnote 29. HP denies the remaining allegations in paragraph 45.

46.    This paragraph purports to summarize or state language contained in the article cited in footnote 32, which speaks for itself and was not written by HP. HP denies the remaining allegations in paragraph 46.

47.    This paragraph purports to summarize or state language contained in the article cited in footnotes 33 and 34, which speaks for itself and was not written by HP. HP denies the remaining allegations in paragraph 47.

48.     This paragraph purports to summarize or state language contained in the article cited in footnote 35, which speaks for itself and was not written by HP. HP denies the remaining allegations in paragraph 48.

49.     HP denies the allegations in paragraph 49 related to HP's purported representations.  HP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 49, and therefore denies them.

50.     HP denies the allegations in paragraph 50.

**C.    HP's Unlawful "Playbook"**

51.     To the extent this paragraph purports to summarize HP's actions or motivations in the lawsuits cited in footnote 36, HP denies Plaintiffs' mischaracterizations, as well as the content of footnote 36 and any other footnotes containing factual allegations. To the extent this paragraph purports to summarize or state language contained in the document cited in footnotes 37 and 38, the document speaks for itself. HP admits the document cited in paragraph 37 includes the words "Authentication," "Technology refreshes," "IP enforcement" and "Drive preference for HP supplies," but HP denies Plaintiffs' characterization of these terms as "tactics." HP denies the remaining allegations in paragraph 51.

1.     <u>HP covertly records and transmits data from each of its printers without the consent or knowledge of consumers:</u>

52.     HP admits that the document cited in footnotes 39 and 40 includes the words "unprofitable customers." HP denies the remaining allegations in paragraph 52.

53.     This paragraph purports to summarize or state language contained in the document cited in footnote 41, which speaks for itself. HP denies the remaining allegations in paragraph 53.

54.     HP denies the allegations in paragraph 54.

55.     HP denies the allegations in paragraph 55.

56.     HP denies the allegations in paragraph 56.

57.     HP denies the allegations in paragraph 57.

58.     HP denies the allegations in paragraph 58.

59.     Paragraph 59 purports to characterize a press release issued by the Italian Competition Authority cited in footnote 47, which speaks for itself, such that no response is required. HP denies the remaining allegations in paragraph 59.

60.     Paragraph 60 purports to characterize a press release issued by the findings of the Italian Competition Authority, cited in footnote 48, which speaks for itself, such that no response is required. HP denies the remaining allegations in paragraph 60.

61.     HP denies the allegations in paragraph 61.

2.     <u>HP repeatedly uses malicious firmware updates to systematically disable printers from using third-party cartridges</u>

62.     HP denies the allegations in paragraph 62.

63.     This paragraph purports to summarize or state language contained in the document cited in footnote 49, which speaks for itself. HP denies the remaining allegations in paragraph 63.

64.     HP denies the allegations in paragraph 64.

65.     HP denies the allegations in paragraph 65.

66.     HP admits printer cartridge compatibility depends on various factors. HP denies the remaining allegations in paragraph 66.

67.     HP denies the allegations in paragraph 67.

68.     HP denies the allegations in paragraph 68.

69.     HP denies the allegations in paragraph 69.

70.     HP denies the allegations in paragraph 70.

71.     HP denies the allegations in paragraph 71.

72.     HP denies the allegations in paragraph 72.

//

//

3.   Numerous regulatory agencies and courts worldwide have found HP's conduct unlawful and anticompetitive, and HP implements the same strategies in the United States geographic market.

73.   HP denies the allegations in paragraph 73.

74.   Paragraph 74 purports to characterize a press release issued by the Italian Competition Authority, cited in footnote 52.  The press release speaks for itself, such that no response is required.  HP denies the remaining allegations in paragraph 74.

75.   Paragraph 75 purports to characterize a press release issued by the Italian Competition Authority, cited in footnote 53.  The press release speaks for itself, such that no response is required.  HP denies the remaining allegations in paragraph 75.

76.   Paragraph 76 purports to characterize a statement issued by the Italian Competition Authority, cited in footnote 54.  The statement speaks for itself, such that no response is required.  HP denies the remaining allegations in paragraph 76.

77.   To the extent Paragraph 77 purports to summarize language contained in the documents cited in footnotes 55 and 56, the documents speak for themselves. HP denies the remaining allegations in paragraph 77.

**D.   HP Used the Playbook to Deceive and Defraud Class Printer Owners**

78.   To the extent Paragraph 78 purports to summarize language contained in the articles cited in footnotes 57 and 58, which were not written by HP, the articles speak for themselves. HP denies the remaining allegations in paragraph 78.

79.   HP admits only that in March 2020, it made available a firmware update for certain InkJet printer models, including some OfficeJet Pro 6978 printers, that included dynamic security features. HP further admits that such firmware update contained multiple features unrelated to dynamic security, as well as dynamic security features. Except as expressly admitted, HP denies the allegations of paragraph 79.

80.     To the extent Paragraph 80 purports to summarize or quote language contained in the articles cited in footnotes 61 through 63, which were not written by HP, the articles speak for themselves. HP denies the remaining allegations in paragraph 80.

81.     To the extent Paragraph 81 purports to summarize or quote from a document allegedly previously contained on an HP website, the document speaks for itself. To the extent Paragraph 81 purports to summarize or quote from the article cited in footnote 65, which was not written by HP, that article speaks for itself. HP denies the remaining allegations of paragraph 81.

82.     HP denies the allegations in paragraph 82.

83.     HP denies the allegations in paragraph 83.

84.     Paragraph 84 purports to summarize language in an article cited in footnote 70, which speaks for itself and is not an HP document or statement.  HP denies the remaining allegations in paragraph 84.

**E.     HP's Continued Conduct**

85.     HP denies the allegations in paragraph 85.

86.     HP denies the allegations in paragraph 86.

87.     HP denies the allegations in paragraph 87.

## FACTS SPECIFIC TO DANIEL DYKE

88.     HP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 88 and therefore denies them.

89.     HP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 89 and therefore denies them.

90.     HP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 90 and therefore denies them.

91.     HP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 91 and therefore denies them.

92.     HP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 92 and therefore denies them.

93.     HP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 93 and therefore denies them.

94.     HP lacks knowledge or information sufficient to form a belief as to what Dyke would have done or would do in a speculative but-for world and therefore denies those allegations. HP denies Plaintiffs' characterization of the purpose and effects of its firmware updates. HP denies the remaining allegations in paragraph 94.

95.     HP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 95 about Dyke's cartridge usage and therefore denies them. HP denies the remaining allegations in paragraph 95.

## FACTS SPECIFIC TO HENRY SO

96.     HP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 96 and therefore denies them.

97.     HP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 97 and therefore denies them.

98.     HP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 98 and therefore denies them.

99.     HP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 99 and therefore denies them.

100.    HP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 100 and therefore denies them.

101.    HP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 101 and therefore denies them.

102.    HP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 102 and therefore denies them.

1    103.    HP lacks knowledge or information sufficient to form a belief as to the

2    truth of the allegations in paragraph 103 and therefore denies them.

3    104.    HP lacks knowledge or information sufficient to form a belief as to the

4    truth of the allegations in paragraph 104 and therefore denies them.

5    105.    HP lacks knowledge or information sufficient to form a belief as to the

6    truth of the allegations in paragraph 105 and therefore denies them.

7    106.    HP denies the allegations in paragraph 106.

8    107.    HP denies the allegations in paragraph 107.

9    108.    HP lacks knowledge or information sufficient to form a belief as to the

10    truth of the allegations in paragraph 108 and therefore denies them.

11    109.    HP lacks knowledge or information sufficient to form a belief as to the

12    truth of the allegations in paragraph 109 and therefore denies them.

13    110.    HP lacks knowledge or information sufficient to form a belief as to

14    what So would have done or would do in a speculative but-for world and therefore

15    denies those allegations. HP specifically denies Plaintiffs' characterization of the

16    purpose and effects of its firmware updates.  HP denies the remaining allegations in

17    paragraph 110.

18    ## COMPLAINTS FROM HP CUSTOMERS

19    111.    Paragraph 111 purports to characterize comments posted on message

20    boards and internet forums, cited in footnotes 72 through 74. Those comments

21    speak for themselves, and no response is required. HP denies the remaining

22    allegations in paragraph 111.

23    ## CLASS ACTION ALLEGATIONS

24    112.    HP admits Plaintiffs purport to bring this action individually and on

25    behalf of a putative class and five subclasses. Except as expressly admitted, HP

26    denies the allegations in paragraph 112 and further denies that certification of any

27    proposed class is appropriate.

28

1    113.   HP admits Plaintiffs purport to exclude the specified groups of people

2    and entities form the putative classes. Except as expressly admitted, HP denies the

3    allegations in paragraph 113 and further denies that certification of any proposed

4    class is appropriate.

5    114.   HP admits Plaintiffs purport to reserve the ability to modify their

6    proposed class definitions. Except as expressly admitted, HP denies the allegations

7    in paragraph 114 and further denies that certification of any proposed class is

8    appropriate.

9    115.   HP denies the allegations in paragraph 115 and further denies that

10   certification of any proposed class is appropriate.

11   116.   The allegation in paragraph 116 that individual joinder is

12   impracticable is a conclusion of law to which no responsive pleading is required, and

13   which is therefore denied. To the extent that allegation is deemed in whole or in

14   part to be factual, HP denies it. HP lacks knowledge or information sufficient to

15   form a belief as to the truth of the allegation in paragraph 116 regarding Plaintiffs'

16   knowledge about the size of the class, and therefore denies that allegation. HP

17   admits that the OfficeJet Pro 6978 was first sold in 2015 and is no longer sold on

18   HP.com. HP lacks knowledge or information sufficient to form a belief as to the

19   truth of the allegation in paragraph 116 regarding whether or not "other sources,

20   such as Amazon," still sell the OfficeJet Pro 6978, and therefore denies that

21   allegation. HP lacks knowledge or information sufficient to form a belief as to the

22   truth of the allegations in paragraph 116 about the numbers of purchaser reviews

23   on "various websites" and therefore denies those allegations. HP denies the

24   remaining allegations in paragraph 116 and further denies that certification of any

25   proposed class is appropriate.

26   117.   The allegations in paragraph 117 are conclusions of law to which no

27   responsive pleading is required, and which are therefore denied. To the extent a

28

response is required, HP denies the allegations in paragraph 117 and further denies that certification of any proposed class is appropriate.

118.   The allegations in paragraph 118 are conclusions of law to which no responsive pleading is required, and which are therefore denied. To the extent a response is required, HP denies the allegations in paragraph 118 and further denies that certification of any proposed class is appropriate.

119.   The allegations in paragraph 119 are conclusions of law to which no responsive pleading is required, and which are therefore denied. To the extent a response is required, HP denies the allegations in paragraph 119 and further denies that certification of any proposed class is appropriate.

120.   The allegations in paragraph 120 are conclusions of law to which no responsive pleading is required, and which are therefore denied. HP denies the allegations in paragraph 120 and further denies that certification of any proposed class is appropriate. HP denies the allegations in paragraph 120 and further denies that certification of any proposed class is appropriate. HP denies the Plaintiffs, putative class members, or anyone else has suffered any injury or damages in any amount or at all.

121.   The allegations in paragraph 121 are conclusions of law to which no responsive pleading is required, and which are therefore denied. To the extent a response is required, HP denies the allegations in paragraph 121 and further denies that certification of any proposed class is appropriate.

122.   The allegations in paragraph 122 are conclusions of law to which no responsive pleading is required, and which are therefore denied. HP denies the allegations in paragraph 122 and further denies that certification of any proposed class is appropriate.

123.   HP denies the allegations in paragraph 123.

//

//

1

2

3

## COUNT I
### Violations of the Computer Fraud and Abuse Act
### 18 U.S.C. § 1030(a)(2)(C), and § 1030(a)(4)
### (On Behalf of Plaintiffs and the Device Owner Class)

4

5

6

124.   No responsive pleading is required for the allegations set forth in paragraph 124. HP hereby incorporates by reference its responses to paragraphs 1–123 as if fully set forth herein.

7

8

125.   To the extent the allegations in paragraph 125 purport to summarize or interpret 18 U.S.C. § 1030, the law speaks for itself.

9

10

126.   To the extent the allegations in paragraph 126 purport to summarize or interpret 18 U.S.C. § 1030, the law speaks for itself.

11

12

127.   To the extent the allegations in paragraph 127 purport to summarize or interpret 18 U.S.C. § 1030, the law speaks for itself.

13

14

128.   To the extent the allegations in paragraph 128 purport to summarize or interpret 18 U.S.C. § 1030, the law speaks for itself.

15

16

17

129.   The allegations in paragraph 129 are conclusions of law to which no responsive pleading is required, and which are therefore denied. To the extent a response is required, HP denies the allegations in paragraph 129.

18

19

20

130.   The allegations in paragraph 130 are conclusions of law to which no responsive pleading is required, and which are therefore denied. To the extent a response is required, HP denies the allegations in paragraph 130.

21

131.   HP denies the allegations in paragraph 131.

22

23

24

25

132.   HP lacks knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 132 regarding unspecified transmissions, and therefore denies that allegation. HP denies the remaining allegations in paragraph 132.

26

27

133.   HP lacks knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 133 regarding unspecified transmissions, and

28

1   therefore denies that allegation. HP denies the remaining allegations in paragraph

2   133.

3         134.   HP denies the allegations in paragraph 134.

4         135.   HP denies the allegations in paragraph 135.

5         136.   HP denies the allegations in paragraph 136.

6         137.   HP denies the allegations in paragraph 137.

7         138.   HP denies the allegations in paragraph 138.

8         139.   HP denies the allegations in paragraph 139.

9         140.   HP denies the allegations in paragraph 140.

10        141.   HP denies the allegations in paragraph 141.

11        142.   HP denies the allegations in paragraph 142.

12        143.   HP denies the allegations in paragraph 143.

13        144.   HP denies the allegations in paragraph 144.

14        145.   HP denies the allegations in paragraph 145.

15        146.   HP denies the allegations in paragraph 146.

16        147.   HP lacks knowledge or information sufficient to form a belief as to the

17  truth of the allegations related to Plaintiffs' purchases and actions, and therefore

18  denies them. HP denies the remaining allegations in paragraph 147.

19        148.   HP lacks knowledge or information sufficient to form a belief as to the

20  truth of the allegations related to Plaintiffs' investments and expectations, and

21  therefore denies them. HP denies the remaining allegations in paragraph 148.

22        149.   HP lacks knowledge or information sufficient to form a belief as to the

23  truth of the allegations related to actions taken by Plaintiffs and putative class

24  members, and therefore denies them. HP denies the remaining allegations in

25  paragraph 149.

26        150.   HP lacks knowledge or information sufficient to form a belief as to the

27  truth of the allegations related to Plaintiffs' actions, and therefore denies them. HP

28  denies the remaining allegations in paragraph 150.

1    151.   HP denies the allegations in paragraph 151.

2    152.   HP admits Plaintiffs and the putative class members purport to seek

3    damages, injunctive, and other equitable relief. HP denies the Plaintiff and the

4    putative class members are entitled to any relief. Except as expressly admitted, HP

5    denies the allegations in paragraph 152.

6

7    **COUNT II**
**Violations of the California Comprehensive Computer Data Access and Fraud Act,**
8    **Cal. Penal Code § 502, *et seq.***
**(On Behalf of Plaintiffs and the Device Owner Class**
9    **or in the alternative, the California Device Owner Subclass)**

10    153.   No responsive pleading is required for the allegations set forth in

11    paragraph 153. HP hereby incorporates by reference its responses to paragraphs 1–

12    152 as if fully set forth herein.

13    154.   To the extent the allegations in paragraph 154 purport to summarize

14    or interpret Cal. Pen. Code § 502, the law speaks for itself.

15    155.   To the extent the allegations in paragraph 154 purport to summarize

16    or interpret Cal. Pen. Code § 502, the law speaks for itself.

17    156.   To the extent the allegations in paragraph 154 purport to summarize

18    or interpret Cal. Pen. Code § 502, the law speaks for itself.

19    157.   The allegations in paragraph 157 are conclusions of law to which no

20    responsive pleading is required, and which are therefore denied.

21    158.   HP denies the allegations in paragraph 158.

22    159.   HP denies the allegations in paragraph 159.

23    160.   HP denies the allegations in paragraph 160.

24    161.   HP denies the allegations in paragraph 161.

25    162.   HP lacks knowledge or information sufficient to form a belief as to the

26    truth of the allegations related to Plaintiffs' purchases and actions, and therefore

27    denies them.  HP denies the remaining allegations in paragraph 162.

28

163.   HP lacks knowledge or information sufficient to form a belief as to the truth of the allegations related to Plaintiffs' purchases, actions, and expectations and therefore denies them. HP denies the remaining allegations in paragraph 163.

164.   HP lacks knowledge or information sufficient to form a belief as to the truth of the allegations related to Plaintiffs' investments and expectations and therefore denies them. HP denies the remaining allegations in paragraph 164.

165.   HP denies the allegations in paragraph 165.

166.   HP lacks knowledge or information sufficient to form a belief as to the truth of the allegations related to Plaintiffs' purchases and actions, including those in a speculative but-for world, and therefore denies them. HP denies the remaining allegations in paragraph 166.

167.   To the extent the allegations in paragraph 126 purport to summarize or interpret Cal. Pen. Code § 502, the law speaks for itself.

168.   HP denies the allegations in paragraph 168.

<u>COUNT III</u>
**Violations of the Unfair Competition Law – Unlawful Prong**
**Cal. Bus. & Prof. Code § 17200, *et seq.* ("UCL")**
**(On Behalf of Plaintiff So and the Device Owner Class**
**or, in the alternative, the California Device Owner Subclass)**

169.   No responsive pleading is required for the allegations set forth in paragraph 169. HP hereby incorporates by reference its responses to paragraphs 1–168 as if fully set forth herein.

170.   To the extent the allegations in paragraph 170 purport to summarize or interpret the UCL, the law speaks for itself.

171.   To the extent the allegations in paragraph 171 purport to summarize or interpret the UCL, the law speaks for itself.

172.   The allegations in paragraph 172 are conclusions of law to which no responsive pleading is required, and which are therefore denied.

173.   HP denies the allegations in paragraph 173.

174.   HP denies the allegations in paragraph 174.

175.   The allegations in paragraph 175 are conclusions of law to which no responsive pleading is required, and which are therefore denied.

176.   HP lacks knowledge or information sufficient to form a belief as to the truth of the allegations related to Plaintiff's intentions and therefore denies them. HP denies the remaining allegations in paragraph 176.

177.   HP admits Plaintiffs purport to seek restitution and injunctive relief. HP denies the remaining allegations in paragraph 177.

**COUNT IV**
**Violations of the Unfair Competition Law - Unfair Prong**
**Cal. Bus. & Prof. Code § 17200, *et seq.* ("UCL")**
**(On Behalf of Plaintiff So and the Device Owner Class**
**or, in the alternative, the California Device Owner Subclass)**

178.   No responsive pleading is required for the allegations set forth in paragraph 178. HP hereby incorporates by reference its responses to paragraphs 1–177 as if fully set forth herein.

179.   To the extent the allegations in paragraph 179 purport to summarize or interpret the UCL, the law speaks for itself.

180.   To the extent the allegations in paragraph 180 purport to summarize or interpret the UCL, the law speaks for itself.

181.   HP denies the allegations in paragraph 181.

182.   HP denies the allegations in paragraph 182.

183.   HP denies the allegations in paragraph 183.

184.   HP denies the allegations in paragraph 184.

185.   HP lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiffs' beliefs and/or intentions and therefore denies them.  HP denies the remaining allegations in paragraph 185.

186.   HP denies the allegations in paragraph 186.

187.   HP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 187 regarding Plaintiff's intentions, and therefore denies them. HP denies the remaining allegations in paragraph 187.

1    188.   HP admits Plaintiff purports to seek restitution and injunctive relief.

2    HP denies that Plaintiff or the putative class members are entitled to any relief.

3    Except as expressly admitted, HP denies the allegations in paragraph 188.

<u>COUNT V</u>
**Violations of the Unfair Competition Law – Fraudulent Prong**
**Cal. Bus. & Prof. Code § 17200, *et seq.* ("UCL")**
**(On Behalf of Plaintiff So and the Device Owner Class**
**or, in the alternative, the California Device Owner Subclass)**

7    189.   No responsive pleading is required for the allegations set forth in

8    paragraph 189. HP hereby incorporates by reference its responses to paragraphs 1–

9    188 as if fully set forth herein.

10   190.   To the extent the allegations in paragraph 190 purport to summarize

11   or interpret the UCL, the law speaks for itself.

12   191.   To the extent the allegations in paragraph 191 purport to summarize

13   or interpret the UCL, the law speaks for itself.

14   192.   HP denies the allegations in paragraph 192.

15   193.   HP denies the allegations in paragraph 193.

16   194.   HP lacks knowledge or information sufficient to form a belief as to the

17   truth of the allegations related to Plaintiff's awareness or actions Plaintiff would

18   have taken in a speculative but-for world and therefore denies them. HP denies the

19   remaining allegations in paragraph 194.

20   195.   HP denies the allegations in paragraph 195.

21   196.   HP lacks knowledge or information sufficient to form a belief as to the

22   truth of the allegations related to Plaintiff's awareness or actions Plaintiff would

23   have taken in a speculative but-for world, and therefore denies them. HP denies the

24   remaining allegations in paragraph 196.

25   197.   HP lacks knowledge or information sufficient to form a belief as to the

26   truth of the allegations related to actions Plaintiff would have taken in a

27   speculative but-for world, and therefore denies them. HP denies the remaining

28   allegations in paragraph 197.

1    198.    HP denies the allegations in paragraph 198.

2    199.    HP admits Plaintiff purports to seek the relief identified in paragraph

3    199. HP denies Plaintiff or the putative class members are entitled to any relief.

4    Except as expressly admitted, HP denies the allegations in paragraph 199.

5                              <u>COUNT VI</u>
                       **California False Advertising Law**
6                       **Cal. Bus. & Prof. Code § 17500**
            **(On Behalf of Plaintiff So and the Device Owner Class**
7          **or, in the alternative, the California Device Owner Subclass)**

8    200.    No responsive pleading is required for the allegations set forth in

9    paragraph 200. HP hereby incorporates by reference its responses to paragraphs 1–

10   199 as if fully set forth herein.

11   201.    HP denies the allegations in paragraph 201.

12   202.    HP denies the allegations in paragraph 202.

13   203.    HP denies the allegations in paragraph 203.

14   204.    HP denies the allegations in paragraph 204.

15   205.    HP denies the allegations in paragraph 205.

16   206.    HP denies the allegations in paragraph 206.

17   207.    HP denies the allegations in paragraph 207.

18   208.    HP denies the allegations in paragraph 208.

19   209.    HP denies the allegations in paragraph 209.

20   210.    HP denies the allegations in paragraph 210.

21   211.    HP lacks knowledge or information sufficient to form a belief as to the

22   truth of the allegations regarding Plaintiffs' beliefs and/or intentions and therefore

23   denies them.  HP denies the remaining allegations in paragraph 211.

24   212.    HP admits Plaintiff purports to seek to enjoin HP's conduct under Bus.

25   & Prof. Code § 17535. HP denies that Plaintiff or the putative class members are

26   entitled to any relief. Except as expressly admitted, HP denies the allegations in

27   paragraph 212.

28   213.    HP denies the allegations in paragraph 213.

214.   HP admits Plaintiff purports to seek the relief identified in paragraph 214. HP denies that Plaintiff or the putative class members are entitled to any relief. Except as expressly admitted, HP denies the allegations in paragraph 214.

COUNT VII
Fraud By Omission
(On Behalf of Plaintiff So and the Device Owner Class
or, in the alternative, on behalf of Plaintiff So and the California
and Plaintiff Dyke and the Florida Device Owner Subclass)

215.   No responsive pleading is required for the allegations set forth in paragraph 215. HP hereby incorporates by reference its responses to paragraphs 1–214 as if fully set forth herein.

216.   HP admits Plaintiff So purports to bring this claim on behalf of the Device Owner Class under California law or, alternatively, on behalf of the California Consumer Subclass. HP admits Plaintiff Dyke purports to bring this claim on behalf of the Florida Consumer Subclasses under the law of the state in which each respective Plaintiff purchased a Class Printer. Except as expressly admitted, HP denies the allegations in paragraph 216.

217.   HP denies the allegations in paragraph 217.

218.   HP denies the allegations in paragraph 218.

219.   HP lacks knowledge or information sufficient to form a belief as to the truth of allegations regarding Plaintiff's and putative class members' intentions or actions in a speculative but-for world, and therefore denies them. HP denies the remaining allegations in paragraph 219.

220.   HP denies the allegations in paragraph 220.

221.   HP lacks knowledge or information sufficient to form a belief as to the truth of allegations regarding Plaintiff's and putative class members' expectations or actions in a speculative but-for world, and therefore denies them. HP denies the remaining allegations in paragraph 221.

222.   HP denies the allegations in paragraph 222.

223.   HP denies the allegations in paragraph 223.

1    224.   HP denies the allegations in paragraph 224.

2    225.   HP denies the allegations in paragraph 225.

3    226.   HP denies the allegations in paragraph 226.

4    227.   HP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 227 regarding Plaintiffs' knowledge or actions in a speculative but-for world and therefore HP denies them. HP denies the remaining allegations in paragraph 227.

8    228.   HP denies the allegations in paragraph 228.

9    229.   HP denies the allegations in paragraph 229.

10   230.   HP denies the allegations in paragraph 230.

## COUNT VIII
**Violation of the California Consumers Legal Remedies Act ("CLRA")**
**Cal. Civ. Code § 1770(a)(5), *et seq.***
**(On Behalf of Plaintiff So and the California Subclass)**

231.   No responsive pleading is required for the allegations set forth in paragraph 231. HP hereby incorporates by reference its responses to paragraphs 1–230 as if fully set forth herein.

232.   To the extent the allegations in paragraph 232 purport to summarize or interpret the CLRA, the law speaks for itself.

233.   To the extent the allegations in paragraph 233 purport to summarize or interpret the CLRA, the law speaks for itself.

234.   To the extent the allegations in paragraph 234 purport to summarize or interpret the CLRA, the law speaks for itself.

235.   To the extent the allegations in paragraph 235 purport to summarize or interpret the CLRA, the law speaks for itself.

236.   To the extent the allegations in paragraph 236 purport to summarize or interpret the CLRA, the law speaks for itself.

237.   HP denies the allegations in paragraph 237.

238.   HP denies the allegations in paragraph 238.

1    239.   HP denies the allegations in paragraph 239.

2    240.   HP denies the allegations in paragraph 240.

3    241.   HP lacks knowledge or information sufficient to form a belief as to the

4  truth of the allegations related to plaintiff's or putative class members' expectations

5  or actions in a speculative but-for world and therefore denies them. HP denies the

6  remaining allegations in paragraph 241.

7    242.   To the extent the allegations in paragraph 242 purport to summarize

8  or interpret the CLRA, the law speaks for itself.

9    243.   HP lacks knowledge or information sufficient to form a belief as to the

10  truth of the allegation in paragraph 243 about when Plaintiff So sent a letter to HP

11  and therefore denies it.  HP admits it received a letter dated March 28, 2022, on

12  behalf of Henry So asserting violations of the California Consumers Legal Remedies

13  Act, including the following sections: Cal. Civ. Code §§ 1770(a)(5); 1770(a)(7);

14  1770(a)(9); 1770(a)(15). HP admits the letter stated, "This notice is given pursuant

15  to § 1782.1 of the CLRA[.]" Except as expressly admitted, HP denies the allegations

16  in paragraph 243.

17    244.   HP lacks knowledge or information sufficient to form a belief as to the

18  truth of the allegations in paragraph 244 regarding Plaintiffs' actions and therefore

19  denies those allegations. HP denies the remaining allegations in paragraph 244.

20    245.   HP denies the allegations of paragraph 245.

### COUNT IX
**Violations of the Florida Deceptive and Unfair Practices Act (FDUTPA)**
**Fla. Sta. § 501201 *et seq.***
**(On Behalf of Plaintiff Dyke and the Florida Subclass)**

24    246.   No responsive pleading is required for the allegations set forth in

25  paragraph 246. HP hereby incorporates by reference its responses to paragraphs 1–

26  245 as if fully set forth herein.

27    247.   HP admits Plaintiff Dyke purports to bring this claim individually and

28  on behalf of the Florida Subclass under the laws of Florida.

248. The allegations in paragraph 248 are conclusions of law to which no responsive pleading is required.

249. The allegations in paragraph 249 are conclusions of law to which no responsive pleading is required.

250. To the extent the allegations in paragraph 250 purport to summarize or interpret the FDUTPA, the law speaks for itself.

251. HP denies the allegations in paragraph 251.

252. HP denies the allegations in paragraph 252.

253. HP denies the allegations in paragraph 253.

254. HP denies the allegations in paragraph 254.

255. HP denies the allegations in paragraph 255.

256. HP denies the allegations in paragraph 256.

257. HP denies the allegations in paragraph 257.

258. HP denies the allegations in paragraph 258.

259. HP denies the allegations in paragraph 259.

260. HP denies the allegations in paragraph 260.

261. HP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 261 regarding Plaintiff and putative class members' actions in a speculative but-for world and therefore denies them. HP denies the remaining allegations in paragraph 261.

262. HP denies the allegations in paragraph 262.

263. HP denies the allegations in paragraph 263.

264. HP admits Plaintiff purports to seek the relief specified in paragraph 264. HP denies that Plaintiffs or the putative class members are entitled to any relief.

## PRAYER FOR RELIEF

HP denies Plaintiffs' Prayer for Relief in its entirety and denies all allegations in the SAC not expressly admitted herein.

1

## JURY DEMAND

2

HP hereby demands a trial by jury.

3

## AFFIRMATIVE DEFENSES

4

HP has not completed its full investigation into the facts of this case, has not

5

completed discovery in this matter, and has not completed its preparation for trial.

6

The defenses asserted herein are based on HP's knowledge, information, and belief

7

at this time.  By asserting the defenses herein, HP has not knowingly or

8

intentionally waived any applicable defenses and hereby expressly reserves the

9

right to assert any additional defenses, cross-claims, and/or third-party claims as

10

may be appropriate at a later time.  Without assuming any burden of proof,

11

persuasion, or production not otherwise legally assigned to it as any element of

12

Plaintiff's claims, HP asserts the following affirmative defenses:

13
14

## FIRST AFFIRMATIVE DEFENSE
### (Statute of Limitations)

15

Plaintiffs' claims and the putative class members' claims are barred, in whole

16

or in part, by the applicable statute of limitations.

17
18

## SECOND AFFIRMATIVE DEFENSE
### (First Amendment)

19

Plaintiffs' claims and the putative class members' claims are barred, in whole

20

or in part, because HP's conduct is protected commercial speech and/or to the extent

21

that the relief sought would violate the First Amendment's protection thereof.

22
23

## THIRD AFFIRMATIVE DEFENSE
### (Inequitable Conduct)

24

Plaintiffs' claims and the putative class members' claims are barred, in whole

25

or in part, by the doctrines of unclean hands, in pari delicto, and/or inequitable

26

conduct.

27

//

28

//

1

2

## FOURTH AFFIRMATIVE DEFENSE
### (Equitable Defenses)

3

4        Plaintiffs' claims and the putative class members' claims are barred in whole

5   or in part, by the doctrines of laches, waiver, estoppel, or ratification, or by other

    equitable defenses.

6

## FIFTH AFFIRMATIVE DEFENSE
### (Unjust Enrichment)

7

8        The right to relief on behalf of Plaintiffs and the putative class members is

9   barred by the doctrine of unjust enrichment.  Plaintiffs and the putative class

10  Members would be unjustly enriched if allowed to recover the relief claimed to be

11  due.

12

## SIXTH AFFIRMATIVE DEFENSE
### (Superseding Events)

13

14        Plaintiffs' claims and the putative class members' claims are barred, in whole

15  or in part, because Plaintiffs' and the putative class members' damages, if any, were

16  caused by independent, intervening and/or superseding events beyond the control of

17  HP and unrelated to HP's conduct.

18

## SEVENTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate Damages)

19

20        Because Plaintiff and the putative class members failed to take reasonable

21  steps to mitigate their alleged damages, if any, and their recovery must be barred or

22  diminished accordingly.

23

## EIGHTH AFFIRMATIVE DEFENSE
### (Substantial Performance)

24

25        HP has fully and/or substantially performed any and all obligations it may

26  have owed to Plaintiffs and the putative class members, if any, except such

27  obligations as HP was excused from performing as a result of Plaintiffs' and the

28

putative class members' conduct, their failure to properly perform their obligations, or otherwise.

### NINTH AFFIRMATIVE DEFENSE
#### (Voluntary Payment Doctrine)

Plaintiffs' claims and the putative class members' claims are barred, in whole or in part, by the voluntary payment doctrine because Plaintiffs and the putative class members voluntarily paid for HP's products about which they now complain with full knowledge of the facts and circumstances pursuant to which such amounts were paid.

### TENTH AFFIRMATIVE DEFENSE
#### (Adequate Remedy at Law)

Plaintiffs and the putative class members are not entitled to equitable relief because there is an adequate remedy at law.

### ELEVENTH AFFIRMATIVE DEFENSE
#### (Unconstitutionality of Prayer for Punitive Damages)

An award of punitive damages or penalties in this case would violate the due process provisions of the Fourteenth Amendment to the United States Constitution, as well as Article I, Section 10, Article IV, Section 2, and the First, Fifth, Sixth, and Eighth Amendments to the Constitution of the United States, as well as various provisions in state constitutions.

### ADDITIONAL AFFIRMATIVE DEFENSES

HP reserves the right to state additional defenses or claims as investigation and discovery continues.

//

//

//

//

//

1                        **<u>RELIEF REQUESTED</u>**

2   WHEREFORE, HP prays for judgment as follows:

3     1.  Dismissal of the FAC with prejudice;

4     2.  That Plaintiffs take nothing by the SAC, and judgment be entered in HP's

5         favor and against Plaintiffs on their own Complaint, together with costs of

6         suit;

7     3.  Denial of class certification;

8     4.  Denial of any and all relief requested;

9     5.  Statutory costs incurred in defending this action;

10     6.  All further relief to which HP may be entitled at law or in equity;

11     7.  Leave to amend its Answer to the SAC to conform to proof later discovered,

12         pled, or offered; and

13     8.  Such other relief as this Court deems just and proper.

14

15   Dated:  September 13, 2023          DTO LAW

16

17                       By:  */s/ Megan O'Neill*

18                           Megan O'Neill
                            Attorney for Defendant

19                           HP INC.

20

21

22

23

24

25

26

27

28