UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

HENRY SO, et al.,

        Plaintiffs,

    v.

HP, INC.,

        Defendant.

Case No. 22-cv-02327-PCP

**ORDER RE: DISMISSAL**

Plaintiffs Henry So and Daniel Dyke ("plaintiffs") brought this suit against Defendant HP, Inc. ("HP") challenging HP's practice of issuing firmware updates to its products that allegedly render third-party ink and toner cartridges inoperable when used with HP printers. Plaintiffs sought to represent a class of consumers who purchased certain of these printers. On October 30, 2024, the parties stipulated to voluntary dismissal under Federal Rule 41(a)(1)(A)(ii), which allows the parties to dismiss a lawsuit "without a court order." The stipulation dismissed So and Dyke's claims with prejudice and dismissed claims of the putative class members without prejudice. *See* Dkt. No. 86. Given the Court's concern that putative class members may have relied on the pendency of this matter, the Court ordered the parties to show cause why notice of the dismissal should not be provided to putative class members. For the following reasons, the Court finds that it has jurisdiction to order the parties to provide further notice but, given the lack of prejudice to putative class members, declines to require further notice.

The Court agrees with the parties that Rule 23(e), as recently amended, permits the parties in a putative class action to dismiss the action prior to class certification without court approval.[1]

---

[1] Although the Ninth Circuit previously held that Rule 23(e) applies to putative class actions that are voluntarily dismissed prior to certification, *see Diaz v. Trust Territory of the Pacific Islands*,

1  Under the amended rule, courts scrutinize the settlement or voluntary dismissal of a class action
2  only where it implicates the "claims, issues, or defenses of a certified class—or a class proposed to
3  be certified for the purposes of a settlement." Fed. R. Civ. P. 23(e). Courts therefore must give
4  effect to the stipulated dismissal of a putative, not-yet-certified class action.

5  This, however, does not mean that courts lack power to require that notice of the dismissal
6  be provided to putative class members. Although voluntary dismissal terminates a court's
7  jurisdiction over the merits of a case, "[i]t is well established that a federal court may consider
8  collateral issues after an action is no longer pending." *Cooter & Gell v. Hartmax Corp.*, 496 U.S.
9  384, 395 (1990). This ancillary jurisdiction "extends beyond dismissal of the underlying lawsuit."
10 *K.C. v. Torlakson*, 762 F.3d 963, 966, 969 (9th Cir. 2014). The court's jurisdiction over a "case or
11 controversy in its entirety" allows the court to "decide collateral matters necessary to render
12 complete justice." *K.C.*, 762 F.3d at 976 (quoting *Jenkins v. Weinshienk*, 670 F.2d 915, 918 (10th
13 Cir. 1982)). The resolution of such collateral matters "enable[s] a court to function successfully,
14 that is, to manage proceedings, vindicate its authority, and effectuate its decrees." *Kokkenen v.
15 Guardian Life Ins.*, 511 U.S. 375, 380 (1994). Such matters often involve the imposition of
16 monetary burdens on the parties to the litigation. *See, e.g.*, *Cooter & Gell*, 496 U.S. at 396 (noting
17 that the Court's ancillary jurisdiction sometimes involves "the imposition of costs, attorney's fees,
18 … contempt sanctions," and Rule 11 sanctions).

19 Where the parties have submitted themselves to the court's jurisdiction, the court may
20 consider whether the parties and counsel should be required to undertake any further acts to
21 prevent prejudice to absent class members following their voluntary dismissal of a putative class
22 action. *See, e.g.*, *Dougan v. Centerplate, Inc.*, 706 F. Supp. 3d 1025, 1029 n.3 (S.D. Cal. 2023)
23 (concluding that Rule 23(e), as amended, does not permit judicial review of the terms of a
24 voluntary pre-certification dismissal but noting that court may retain ancillary jurisdiction to
25 require notice).

---

28 876 F.2d 1401 (9th Cir. 1989), Rule 23(e) was subsequently amended to limit its reach to cases involving certified classes.

2

Because this putative class action was pending and heavily litigated in this court for more than two years and had already survived a motion to dismiss (albeit only in part), the Court had some concern that absent class members may have relied upon the pendency of this action to refrain from pursuing their own individual claims. The Court therefore asked the parties to provide supplemental briefs addressing whether notice should be provided.

After reviewing the parties' supplemental briefs, the Court concludes that notice to putative class members is not necessary under the circumstances presented here. Plaintiffs have shown that the case received minimal media attention and putative class members were therefore most likely not aware of the lawsuit. Following the narrowing of plaintiffs' claims as a result of HP's partial success in moving to dismiss, the scope of the purported class was small. HP has changed its packaging disclosures, negating any need for injunctive relief, and HP discontinued the allegedly offending printer in 2023, reducing the total number of putative claimants who might have purchased the product. Perhaps in light of this limited scope, those few individuals who did contact plaintiff's counsel did not fall within the scope of the purported class. Finally, any remaining prejudice is minimal given the relatively small dollar amount at stake for individual claims.[2]

For the foregoing reasons, the Court will not require the parties to notify putative class members of their dismissal of this putative class action. The clerk shall close the case.

**IT IS SO ORDERED.**

Dated: November 22, 2024

P. Casey Pitts
United States District Judge

---

[2] Each named plaintiff paid less than $100 for their printers.

3